FILED

2021 Jan-12  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROOSEVELT BELL,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| | } | |
| **v.** | } | **Case No.: 2:18-cv-01122-MHH** |
| | } | |
| | } | |
| **ALABAMA DEPARTMENT OF TRANSPORTATION,** | } | |
| | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, plaintiff Roosevelt Bell has asked the Court to alter its orders dismissing his Title VII retaliation claim against ALDOT without prejudice and denying him the opportunity to name as individual defendants Mudhar Alsafarjalani and Joseph Blankenship.

1

(Docs. 35, 38, 47).[1]  The bar for motions to alter judgments is high.  A party may not use a motion to alter a judgment "to relitigate old matters, raise [new] argument or present evidence that could have been raised prior to the entry of judgment." *Hasanti v. Sec'y, Fla. Dep't of Corr.*, 729 Fed. Appx. 912, 913 (11th Cir. 2018) (quoting *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010)) (alterations in original omitted).  Following a judgment, the "only grounds for granting" a Rule 59(e) motion "'are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59.").  Because Mr. Bell challenges an order based on pleadings rather than evidence, his request for relief may be better-framed as a Rule 60(b)(1) or (b)(6) motion for relief from a court order.  Either way, the bar for relief is high.[2]

---

[1] The Court dismissed Mr. Bell's ADEA, § 1981, and § 1983 claims against ALDOT because ALDOT is entitled to Eleventh Amendment immunity on those claims.  The Court also dismissed Mr. Bell's Title VII retaliation claim without prejudice for failure to state a claim.  Mr. Bell has asked the Court to amend or alter its dismissal order only with respect to his Title VII retaliation claim.

[2] Mr. Bell has attempted to fit his motion for relief within the structure of Rule 59(e) by filing an affidavit with the motion, thereby giving the Court "evidence" to consider.  (Doc. 47-1).  The Court wonders aloud whether it may consider evidence on a motion to reconsider an order granting a motion to dismiss because, absent documents incorporated by reference into a complaint and matters of which a district court may take judicial notice, a district court, at the pleading stage, typically considers only the factual allegations in the operative complaint when evaluating a motion to dismiss.  Even if the Court accepts the affidavit, Mr. Bell's assertions in his affidavit

To properly plead a Title VII claim for retaliation, a plaintiff must allege "(1) that [ ]he engaged in statutorily protected expression; (2) that [ ]he suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). Mr. Bell argues that the Court construed his Title VII retaliation claim too narrowly because the Court focused on only two occasions on which he complained to the EEOC about discrimination at ALDOT, ignoring his other protected activity concerning his treatment at the company. (Doc. 47, pp. 6-11). Mr. Bell alleges two adverse employment actions: his alleged demotion in August 2017 and his alleged constructive discharge.

Mr. Bell acknowledges that the Court considered the protected conduct consisting of his September 15, 2017 EEOC charge. In the September 2017 EEOC charge, Mr. Bell asserted that ALDOT retaliated against him because he filed EEOC charge number 420-0217-1872. (Doc. 1-1, p. 4). In EEOC charge number 420-0217-1872, dated August 4, 2017, Mr. Bell asserted that ALDOT discriminated against him because of his age in violation of the ADEA; he did not mention his race in the August 2017 charge. (Doc. 1-1, p. 8). In the September 2017 charge, Mr. Bell explained that he took leave from ALDOT on August 23, 2017 to avoid

---

largely summarize the allegations and evidence that the Court considered before dismissing his Title VII retaliation claim without prejudice.

Case 2:18-cv-01122-MHH   Document 48   Filed 01/12/21   Page 4 of 12

"continued discrimination" and that he would "be officially retired on October 1, 2017." (Doc. 1-1, p. 4). Mr. Bell stated that he believed that he had "been constructively discharged and retaliated against" as of the September 2017 EEOC charge because he filed the August 2017 EEOC charge concerning age discrimination. (Doc. 1-1, p. 4).

Mr. Bell cannot assert a Title VII retaliation case based on alleged age discrimination. Title VII addresses discrimination based on race, color, religion, sex, or national origin. If ALDOT retaliated against him because he complained about age discrimination, then his retaliation claim would arise under the ADEA, not under Title VII.[3]

There is another barrier to Mr. Bell's attempt to base his retaliation claim on his August and September 2017 EEOC activity. Mr. Bell's August 2017 EEOC charge cannot form the basis of a retaliation claim concerning his alleged demotion because that protected conduct occurred after his alleged demotion, not before. On August 2, 2017, Mr. Blankenship notified Mr. Bell that he was being reassigned to Concrete Lab Technician effective August 3, 2017. (Doc. 14, p. 24). On August 4, 2017, Mr. Bell filed an EEOC charge alleging that his transfer was the result of age-

---

[3] Mr. Bell alleged retaliation under the ADEA and Title VII in his September 2017 charge. (Doc. 1-1, p. 4). He seeks relief now only with respect to his claim for Title VII retaliation. In response to Mr. Bell's August 2017 EEOC charge concerning age discrimination, ALDOT stated that Mr. Bell's new job classification as of August 2017 was "a lateral change that did not result in any change in pay or benefits." (Doc. 15, p. 60).

4

based discrimination.  (Doc. 14, p. 24).  Thus, the alleged act of retaliation preceded Mr. Bell's protected conduct in filing his August 4, 2017 EEOC charge.

Likewise, in his September 2017 EEOC charge, Mr. Bell asserted that he already had been constructively discharged.  So, though Mr. Bell alleges that his discharge was effective as of October 1, 2017, the date that he officially retired, he informed the EEOC that he had been constructively discharged in August 2017. Therefore, his alleged constructive discharge preceded his September 2017 protected conduct.

An employment action that precedes protected conduct generally cannot form the basis of a Title VII retaliation claim.  *See Uni. Of Texas SW Med. Center v. Nassar*, 570 U.S. 338, 362 (2013) ("The text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.").

In ruling on ALDOT's motion to dismiss, the Court considered other protected conduct in which Mr. Bell allegedly engaged in 2017.  The Court considered Mr. Bell's communication with the EEOC in May 2017.  (Doc. 46, pp. 8, 34-36, 43; *see* Doc. 37, ¶ 62).  The Court examined the May 2017 communication (Doc. 15, p. 6) and pointed out that Mr. Bell complained of race discrimination that

had occurred "several years ago," making an EEOC charge relating to that conduct untimely. On the advice of the EEOC officer with whom he met, Mr. Bell chose not to file an EEOC charge in May 2017, and there is no indication that ALDOT was aware that he complained to the EEOC about race discrimination in May 2017, so that complaint to the EEOC could not form the basis of a Title VII retaliation claim. (Doc. 46, pp. 34-36, 43); *McCann v. Tillman*, 526 F.3d 1370, 1376 (11th Cir. 2008) (plaintiff in retaliation action must show that "the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated"). The Court considered Mr. Bell's May 17, 2017 email to Latanga Kennedy, an employee in ALDOT's EEO office. (Doc. 37, ¶ 62). In that email, Mr. Bell discussed an ADA matter and complaints that he had about his work environment and the way other employees were treating him, but the email does not mention race discrimination. (Doc. 15, pp. 14, 29). So, as the Court explained to Mr. Bell, that email cannot supply the basis for a Title VII retaliation claim. (Doc. 46, pp. 20-22).

Mr. Bell contends that he engaged in protected activity when he complained to ALDOT management and human resources in several email messages that he sent in 2015 and 2016. (Doc. 47, p. 10) (citing Doc. 37, p. 15). Those messages are too remote from the alleged demotion in August 2017 to provide a basis for a retaliation claim. In the absence of other factual allegations establishing a causal relationship

between Mr. Bell's alleged protected conduct and the alleged adverse employment action, Mr. Bell's retaliation claim cannot survive a motion to dismiss based on complaints so temporally distant from the alleged adverse employment action. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (citing cases in which a three to four-month disparity was insufficient to show a causal connection and stating:  "If there is a substantial delay between the protected [activity] and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law.").

Because Mr. Bell has not demonstrated the Court's order dismissing his Title VII retaliation claim without prejudice was clearly erroneous or otherwise unjust, the Court denies Mr. Bell's motion to alter that order.

Mr. Bell also seeks relief from the Court's order denying his request to add § 1981 and 1983 claims against Mr. Blankenship and Mr. Alsafarjalani as individual defendants.  (Doc. 47, pp. 1-2; *see also* Doc. 25, pp. 7-9).  Mr. Bell sought leave to add the individual defendants on November 4, 2019 (Doc. 32), outside the two-year statute of limitations period for claims brought under § 1983.  *Fuqua v. Turner*, No. 3:17-cv-1911-UJH-AKK, 2018 WL 513343, at * 2 (N.D. Ala. Jan. 23, 2018) (citing *Lufkin v. McCallum*, 956 F. 2d 1104, 1105 (11th Cir. 1992); Ala. Code § 6-2-38(1)). Mr. Bell wishes to assert against the individual defendants claims for hostile work environment and retaliation.  Mr. Bell's claims against the individual defendants rest

on the events that form the basis of his claims against ALDOT, and he alleges the same adverse employment actions of demotion and constructive discharge.

The EEOC records that Mr. Bell has submitted to the Court indicate that an amendment to add claims against Mr. Blankenship and Mr. Alsafarjalani, even if timely, would be futile.  When the EEOC reviewed with Mr. Bell his claims of race discrimination, the EEOC officer explained to Mr. Bell that the only conduct he ascribed to race, preferential seating of white employees at a luncheon, occurred "several years" before Mr. Bell met with the EEOC in May 2017.  Other conduct that Mr. Bell described, such as the elimination of his assigned parking space, applied across the board to all employees.  (Doc. 15, p. 6).  The EEOC officer explained to Mr. Bell that statutes addressing discrimination are not a general civility code.  In addition, during an August 4, 2017 interview with the EEOC, Mr. Bell acknowledged that Mr. Alsafarjalani was demoted to concrete technician the same day that he was demoted and that neither of them received an explanation for the demotions.  (Doc. 15, p. 6; *see also* Doc. 15, p. 27).[4]  This information undermines Mr. Bell's proposed § 1981 and 1983 claims for retaliation and hostile work environment against Mr. Blankenship and Mr. Alsafarjalani.

---

[4] *See* Doc. 15, pp. 23 and 48 and Doc. 27, p. 2, identifying Mr. Alsafarjalani as Mr. Bell's immediate supervisor.

In so far as Mr. Bell seeks to assert Title VII claims against Mr. Blankenship and Mr. Alsafarjalani, individual defendants cannot be held liable for violations of Title VII. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). Therefore, the Court will not alter its order refusing Mr. Bell's request to add claims against individual defendants to his complaint.

The Court's dismissal order did not specifically address Mr. Bell's Title VII claim for race discrimination. In his third amended complaint, Mr. Bell alleges that ALDOT "engaged in a pattern or practice of racial discrimination by denying him "fair salary increases and subjecting him to an arbitrary layoff and discharge in the form of an early retirement on or about October 1, 2017 on the basis of his race or national origin . . ." (Doc. 37, ¶ 42).

Mr. Bell cannot allege this claim in federal court because he did not preserve this claim in his EEOC charges. The most significant functions of an EEOC charge are "notice to the employer and initiation of an EEOC investigation." *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1319 (11th Cir. 2001). To ensure fair notice to an employer, a plaintiff is limited in his case filed in federal court to the allegations of the EEOC charge and "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Jerome v. Marriott Residence Inn Barcelo Crestline/AIG*, 211 Fed. Appx. 844, 846 (11th Cir. 2006). The plaintiff does not have to exhaustively prove his claim in his EEOC charge;

rather, "[f]rom a practical standpoint, one of the most important considerations is 'whether the defendant had sufficient notice from the administrative charge of the alleged kinds and areas of discrimination.'" *See White v. Wells Fargo Guard Servs.*, 908 F. Supp. 1570, 1581 (M.D. Ala. 1995) (quoting *Brown v. Walt Disney World Co.*, 805 F. Supp. 1554, 1558 (M.D. Fla. 1992). When an EEOC charge does not give the employer fair notice about the claim, the plaintiff may not bring the claim regarding new acts of discrimination in federal court. *See Gay v. AirTran Airways, Inc.*, 427 Fed. Appx. 743, 745 (11th Cir. 2011).

As noted, Mr. Bell's August 2017 EEOC charge is premised on alleged age discrimination, and his September 2017 EEOC charge concerns alleged retaliation arising from the August 2017 charge. As noted, in his first EEOC charge filed on August 4, 2017, Mr. Bell did not mention race at all. He charged that he was a 69-year-old man and that his employer had discriminated against him based on his age. (Doc. 1-1, p. 8). The entirety of his August 2017 charge is this:

> I am a 69 year old male who began employment with the above named Respondent [ALDOT] on February 2, 2000 as a Civil Engineer. I was one of three people who worked in pavement design office. On August 2, 2017, I was notified that I was being demoted to Concrete Lab Technician effective August 3, 2017. No explanation was given for my transfer. I am aware that Logan Jolley, who is not in the protected age group, was not transferred. I believe that I have been discriminated against because of my age in violation of the Age Discrimination in Employment Act of 1967, as amended.

(Doc. 1-1, p. 8).

In his September 15, 2017 EEOC charge, Mr. Bell explained that he had been constructively discharged and retaliated against because of his August EEOC charge.  (Doc. 1-1, p. 4).  Although Mr. Bell described himself in the September 2017 charge as a black male and checked the box for race, he tied the alleged retaliatory conduct (his constructive discharge and unfounded accusations of misconduct) to the filing of his August 2017 EEOC charge which, again, did not mention race.

If Mr. Bell intended to allege ALDOT discriminated against him on the basis of race, ALDOT did not have sufficient notice of the claim.  Mr. Bell did not allege particular acts of discrimination or any unlawful employment practice he suffered because of his race.  ALDOT could not have reasonably expected Mr. Bell to bring a claim for race discrimination because this claim does not normally arise out of age discrimination or retaliation. Because Mr. Bell did not preserve a claim for race discrimination in his August and September 2017 EEOC charges, he may not pursue a race discrimination claim now.  And, even if he had properly raised race discrimination in his September 2017 charge, for the reasons discussed above with respect to his § 1981 and 1983 theories, Mr. Bell's Title VII race discrimination claim fails.

For these reasons, the Court denies Mr. Bell's motion to alter its orders in this matter.

**DONE** and **ORDERED** this 12th day of January, 2021.

_____

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE